## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **AARON MINC, individually and on behalf of all others similarly situated,** ) ) ) | **CASE NO: 1:15-CV-01777** **JUDGE: DAN AARON POLSTER** |
| **PLAINTIFFS,** ) **vs.** ) ) | **FIRST AMENDED** **CLASS ACTION COMPLAINT** |
| **ENTERPRISE FINANCIAL GROUP,** ) ) **and** ) ) | **JURY DEMAND ENDORSED** **HEREON** |
| **CARGUARDIAN WARRANTY, LLC,** ) ) **and** ) ) | |
| **CAPITAL ADVANCE SOLUTIONS, LLC** ) ) **and** ) ) | |
| **JOHN DOES 1-3, telemarketing agent(s) of Enterprise Financial Group and/or CarGuardian Warranty LLC,** ) ) ) ) | |
| **and** ) ) | |
| **JOHN DOES 4-6, telemarketing agent(s) of Capital Advance Solutions, LLC** ) ) ) | |
| **DEFENDANTS.** ) ) | |

NOW COMES Plaintiff **AARON MINC**, individually and on behalf of all others

similarly situated, and pursuant to Fed. R. Civ. Pro. 15(a)(1)(B) and Fed. R. Civ. Pro.

15(c)(1)(B) & (C), and for their First Amended Complaint against Defendants Enterprise

Financial Group, CarGuardian Warranty LLC, Capital Advance Solutions, LLC, and John Does 1-6 ("Defendants"), state as follows:

## INTRODUCTION

1. Unsolicited telemarketing calls have reached epidemic levels. Unscrupulous businesses hide behind sophisticated technology to harass private citizens with annoying and often untraceable calls. The frequency of these calls continues to increase with the ease of technology – some brazen vendors go so far as to boast making hundreds of millions or *billions* of unsolicited "robocalls."

2. Plaintiff Aaron Minc has been the victim of Defendants' unlawful telemarketing practices and brings this action under consumer protection laws designed to protect his privacy, namely the Telephone Consumer Protection Act ("TCPA").

3. Because the calls received by Plaintiff were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to a multitude of individuals *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from the Defendants.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims in this case under 28 U.S.C. § 1331 because this action arises out of a violation of federal law. *See* 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue is appropriate in this district pursuant to 18 U.S.C. 1391(b)(2), as the Plaintiff is a resident of this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff Aaron Minc is a natural person residing in this jurisdiction.

7. Upon information and belief, Defendant Enterprise Financial Group ("EFG") is a Texas-based marketing firm doing business throughout the country, including in this jurisdiction. Plaintiff's claims against EFG arise out of the conduct, transaction, or occurrence set out, or attempted to be set out, in Plaintiff's original Complaint.

8. Upon information and belief, Defendant CarGuardian Warranty LLC ("CarGuardian") is a California-based vehicle warranty provider doing business throughout the country, including in this jurisdiction. Plaintiff's claims against CarGuardian arise out of the conduct, transaction, or occurrence set out, or attempted to be set out, in Plaintiff's original Complaint.

9. Upon information and belief, Defendants John Does 1-3 are companies engaged in the business of telemarketing, and who, acting on behalf of Defendants EFG and/or CarGuardian made calls to Plaintiff as alleged in paragraphs 18-29 herein.

10. Upon information and belief, Defendant Capital Advance Solutions, LLC is a New Jersey-based business loan provider doing business throughout the country, including in this jurisdiction. Plaintiff's claims against Capital Advance Solutions, LLC arise out of the conduct, transaction, or occurrence set out, or attempted to be set out, in Plaintiff's original Complaint.

11. Upon information and belief, Defendants John Does 4-6 are companies engaged in the business of telemarketing, and who, acting on behalf of Defendant Capital Advance Solutions, LLC made calls to Plaintiff as alleged in paragraphs 18-29 herein.

## TELEPHONE CONSUMER PROTECTION ACT

12. In 1991, Congress enacted the Telephone Consumer Protection Act (TCPA) to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. The TCPA prohibits persons from initiating any telephone call to a cellular telephone service using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(A).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

16. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

## FACTS

17. At all times relevant, Plaintiff's cellular telephone number has been on the "National Do Not Call Registry."

18. In the summer of 2015, Plaintiff received numerous annoying, harassing, and unsolicited phone calls from Defendants.

19. Some of the phone calls were originated from "spoofed" numbers, meaning when Plaintiff would attempt to call them back they would be inoperable and/or unable to receive inbound calls.

20. Plaintiff received at least three calls from Defendant Capital Advance Solutions, LLC, dba the "Business Loan Center" and/or Defendant John Doe Marketing Firms 1-3. The calls originated from number (630) 914-8915 and were made to Plaintiff on 6/17/15, 7/20/15, and 8/6/15.

21. Plaintiff received at least three calls from Defendants EFG and/or CarGuardian, dba as "National Dealer Services" and/or John Doe Marketing Firms 4-6. The calls originated from number (330) 222-6305 and were made to Plaintiff on 8/22/15, 7/23/15, and 7/24/15.

22. Defendants utilized an "artificial or prerecorded voice," as prohibited by 47 U.S.C. § 227(b)(1)(A), in their calls to Plaintiff. *See also* 16 CFR § 310.4(b)(v).

23. Defendants used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to place their calls to Plaintiff seeking to solicit their services.

24. Defendants calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

25. Defendants' calls were placed to the number assigned to Plaintiff's "cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiff is not a customer of Defendants' services and has never provided any personal information, including his cellular telephone number, to Defendants for any purpose whatsoever.

27. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

28. Defendants' calls did not disclose the identity of the seller. 16 CFR § 310.4(d)(1).

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

   a. All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant Capital Advance Solutions, LLC, dba the "Business Loan Center" to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls; and

   b. All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants EFG and/or CarGuardian, dba as "National Dealer Services" to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls.

30. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim

31. This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

32. **Numerosity** under Federal Rule of Civil Procedure 23(a)(1): The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff believes that there are not less than thousands of members of the Classes, the precise number of Class members is unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

33. **Commonality and Predominance** under Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): The Plaintiff's claims are common in that the Plaintiff and each class member received solicitation/telemarketing telephone calls from Defendant(s) to said person's cellular telephone made through the use of an automatic telephone dialing system or an artificial or prerecorded voice and such persons had not previously consented to receiving such calls. The Plaintiff and each class member are entitled to statutory damages. Furthermore, this action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.  Whether Defendants violated the TCPA by calling individuals on the National Do Not Call Registry;

b.  Whether Defendants violated the TCPA by using any automatic dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

c.  Whether Defendants' placed calls without obtaining the recipients' prior consent for the call;

d.  Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions;

e.  Whether Defendants should be enjoined from engaging in such conduct in the future.

34. **Typicality** under Federal Rule of Civil Procedure 23(a)(3): Plaintiff's claims are typical of the other Class members' claims because each class member received solicitation/telemarketing telephone calls from Defendant(s) to said person's cellular telephone made through the use of an automatic telephone dialing system or an artificial or prerecorded voice and such persons had not previously consented to receiving such calls. Moreover, all Class members were comparably injured through Defendants' wrongful conduct as described herein.

35. **Adequacy** under Federal Rule of Civil Procedure 23(a)(4): Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Classes he seeks to represent; Plaintiff has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action

vigorously. The Classes' interests will be fairly and adequately protected by Plaintiff and his counsel.

36. **Declaratory and Injunctive Relief** under Federal Rule of Civil Procedure 23(b)(2): Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

37. **Superiority** under Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### Negligent Violations of the TCPA

38. Plaintiff incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

42. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-40.

43. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

1. That Defendants be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Defendants, and their agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

**PISCITELLI LAW FIRM**

*/s/ Eric W. Henry*
**FRANK E. PISCITELLI, JR. (0062128)**
**ERIC W. HENRY (0086750)**
8440 Station Street
Mentor, OH 44060
216.931.7000  Telephone
216.931.9925  Facsimile
frank@feplaw.com
eric@feplaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served by certified mail to the following parties:

**ENTERPRISE FINANCIAL GROUP,**
c/o John Pappanastos, CEO and President
122 W. Carpenter Freeway, Sixth Floor
Irving, TX 75039
Defendant

**CARGUARDIAN WARRANTY, LLC,**
c/o Service Agent Christopher Erwin
47 Discovery, Suite 160
Irvine, CA 92618
Defendant

**CAPITAL ADVANCE SOLUTIONS, LLC**
c/o Charles Betta or any Officer
1715 State Route 35, Suite 302
Middletown, NJ 07748
Defendant

*/s/ Eric W. Henry*
**ERIC W. HENRY (0086750)**
Attorney for Plaintiffs