**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| AARON MINC, individually and on behalf of all others similarly situated, | CASE NO: 1:15-CV-01777<br>JUDGE: DAN AARON POLSTER |
| PLAINTIFFS, | |
| vs. | **SECOND AMENDED<br>CLASS ACTION COMPLAINT** |
| CARGUARDIAN WARRANTY, LLC, | |
| and | JURY DEMAND ENDORSED<br>HEREON |
| JOHN DOES 1-5, telemarketing agent(s) of CarGuardian Warranty LLC, | |
| DEFENDANTS. | |

NOW COMES Plaintiff **AARON MINC**, individually and on behalf of all others similarly situated, pursuant to the Court's Order of April 13, 2016 granting leave to amend, and for their Second Amended Complaint against Defendants CarGuardian Warranty LLC and John Does 1-5 ("Defendants"), state as follows:

**INTRODUCTION**

1. Unsolicited telemarketing calls have reached epidemic levels. Unscrupulous businesses hide behind sophisticated technology to harass private citizens with annoying and often untraceable calls. The frequency of these calls continues to increase with the ease of technology – some brazen vendors go so far as to boast making hundreds of millions or *billions* of "robocalls."

-1-

2. Plaintiff Aaron Minc has been the victim of Defendants' unlawful telemarketing practices and brings this action under consumer protection laws designed to protect his and other persons' privacy, namely the Telephone Consumer Protection Act ("TCPA").

3. Because the calls received by Plaintiff were transmitted using technology capable of generating hundreds or thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to a multitude of individuals *en masse*, Plaintiff brings this action on behalf of a nationwide class of other persons who received illegal telemarketing calls from the Defendants.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims in this case under 28 U.S.C. § 1331 because this action arises out of a violation of federal law. *See* 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue is appropriate in this district pursuant to 18 U.S.C. 1391(b)(2), as the Plaintiff is a resident of this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff Aaron Minc is a natural person residing in this jurisdiction.

7. Upon information and belief, Defendant CarGuardian Warranty LLC ("CarGuardian") is a California-based vehicle warranty provider doing business throughout the country, including in this jurisdiction. Plaintiff's claims against CarGuardian arise out of the conduct, transaction, or occurrence set out, or attempted to be set out, in Plaintiff's Original Complaint and Amended Complaint.

8. Upon information and belief, Defendants John Does 1-5 are companies engaged in the business of telemarketing, and who, acting on behalf of Defendant CarGuardian made calls to Plaintiff as alleged in paragraphs 11-21 herein.

## TELEPHONE CONSUMER PROTECTION ACT

9. In 1991, Congress enacted the Telephone Consumer Protection Act (TCPA) to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA prohibits initiating any telephone call to a cellular telephone service using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(A).

## FACTS

11. In 2015, Plaintiff received numerous annoying, harassing, and unsolicited phone calls from Defendants to his personal cell phone (330) 703-0214.

12. Upon information and belief, some of the phone calls were originated from "spoofed" numbers, meaning when Plaintiff would attempt to call them back they would be inoperable and/or unable to receive inbound calls.

13. Plaintiff received at least four calls from Defendants, dba as "National Dealer Services" and/or John Doe Marketing Firms 1-5. The calls originated from numbers (330) 222-6305 and (657) 262-3433 and were made to Plaintiff on 8/11/15, 7/23/15, 7/27/15, and 11/9/15.

14. The calls Plaintiff received began with a period of dead air silence, followed by a prerecorded voice advising him to hold while he was "being transferred." Plaintiff would then be subjected to another period of dead air silence. After holding, Plaintiff was placed on the line with an individual who identified him or herself as a representative of "National Dealer Services" and questioned Plaintiff about his vehicle, his address, and attempted to sell Plaintiff an automobile warranty.

15. On each call answered by Plaintiff, he advised he was not interested and he wished to be removed from the call list.

16. Defendants utilized an "artificial or prerecorded voice," as prohibited by 47 U.S.C. § 227(b)(1)(A), in their calls to Plaintiff. *See also* 16 CFR § 310.4(b)(v).

17. Upon information and belief, Defendants used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place their calls to Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).

18. Defendants' calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

19. Defendants' calls were placed to the number assigned to Plaintiff's "cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

20. Plaintiff is not a customer of Defendants' services and has never provided any personal information, including his cellular telephone number, to Defendants for any purpose whatsoever.

21. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class:

    a. All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or artificial or prerecorded voice within the four years prior to the filling of the Amended Complaint.

23. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim

24. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

25. **Numerosity** under Federal Rule of Civil Procedure 23(a)(1): The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff believes that there are not less than thousands of members of the Class, the precise number of Class members is unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

26. **Commonality and Predominance** under Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): The Plaintiff's claims are common in that the Plaintiff and each class member received solicitation/telemarketing telephone calls from Defendant(s) to said person's cellular telephone made through the use of an automatic telephone dialing system or an artificial or prerecorded voice. The Plaintiff and each class member are entitled to statutory damages. Furthermore, this action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a. Whether Defendants violated the TCPA by using any automatic dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions;

    c. Whether Defendants knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A).

    d. Whether Defendants should be enjoined from engaging in such conduct in the future.

27. **Typicality** under Federal Rule of Civil Procedure 23(a)(3): Plaintiff's claims are typical of the other Class members' claims because each class member received solicitation/telemarketing telephone calls from Defendant(s) to said person's cellular telephone made through the use of an automatic telephone dialing system or an artificial or prerecorded voice. Moreover, all Class members were comparably injured through Defendants' wrongful conduct as described herein.

28. **Adequacy** under Federal Rule of Civil Procedure 23(a)(4): Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the Class's interests.

29. **Declaratory and Injunctive Relief** under Federal Rule of Civil Procedure 23(b)(2): Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

30. **Superiority** under Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Negligent Violations of the TCPA

31. Plaintiff incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA including, but not limited to, the above cited provisions of 47 U.S.C. § 227(b)(1)(A).

33. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

35. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, the above cited provisions of 47 U.S.C. § 227(b)(1)(A).

37. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

38. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

1. That Defendants be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Defendants, and their agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named Plaintiff and all other persons similarly situated as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

    Respectfully submitted,

    **PISCITELLI LAW FIRM**

    */s/ Eric W. Henry*
    **FRANK E. PISCITELLI, JR. (0062128)**
    **ERIC W. HENRY (0086750)**
    8440 Station Street
    Mentor, OH 44060
    216.931.7000 Telephone
    216.931.9925 Facsimile
    frank@feplaw.com
    eric@feplaw.com
    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served by the Court's electronic service system to the attorney of CarGuardian Warranty, LLC on this 28th day of April, 2016.

                          */s/ Eric W. Henry*
                          **ERIC W. HENRY (0086750)**
                          Attorney for Plaintiffs