UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AARON MINC,** ) | CASE NO. 1:15 CV 1777 |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **CARGUARDIAN WARRANTY, LLC,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is CarGuardian Warranty, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint. (**Doc #: 29** ("Motion" or "Motion to Dismiss").) For the following reason, the Court **GRANTS** the Motion.

### I. Facts

On September 2, 2015, Aaron Minc, representing himself, filed a complaint against Defendants John Does 1-26 alleging that, between May 14, 2015 and September 1, 2015, he received at least 26 phone calls to his cellular telephone number from unknown individuals and/or business telemarketers. (Doc #: 1 ¶ 4.) Minc alleged that he had been registered on the Federal Do Not Call list since July 2003, the calls were made to his cell phone without his prior consent, and the callers used an automatic telephone dialing system and/or an artificial or prerecorded voice to reach him — all in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq*. (Id. ¶¶ 1, 3, 5.) Minc noted that he would amend his complaint to add the defendants' identities *upon discovery*. (Id. ¶ 7 (emphasis added).)

Four months later, on January 5, 2016, the Court issued an order directing Minc to identify the defendants and to serve them with a copy of the summons and complaint within 10 days or the case would be dismissed for want of prosecution. (Doc #: 5 (citing Fed. R. Civ. P. 4(m)).) Minc was granted leave to amend his complaint on January 13, 2015, after explaining that he had identified some of the previously unknown telemarketers but only after experiencing severe difficulty tracing "spoofed numbers"[1] used by them and issuing multiple subpoenas on potential defendants to locate the correct parties. (Doc #: 6.)

On January 29, 2016, Minc, now represented by counsel, filed the First Amended Complaint ("FAC"), a putative class action, against Enterprise Financial Group ("EFG"), CarGuardian Warranty, LLC ("CarGuardian"), Capital Advance Solutions, LLC, John Does 1-3, telemarketing agent(s) of EFG and CarGuardian, and John Does 4-6, telemarketing agents(s) of Capital Advance Solutions, LLC. (Doc #: 8.) Minc alleged that he received "at least three calls from Capital Advance Solutions, LLC, dba the 'Business Loan Center' and/or Defendant John Doe Marketing Firms 1-3." (Id. ¶ 20.) He alleged that he received at least three calls from "Defendants EFG and/or CarGuardian, dba as 'National Dealer Services' and/or John Doe Marketing Firms 4-6"— which calls "originated from number (330) 222-6305 and were made to Plaintiff on 8/22/15, 7/23/15, and 7/24/15." (Id. ¶ 21.) Minc alleged that Defendants unlawfully used an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227(b)(1)(A), or an "automated telephone dialing system" as defined in 47 U.S.C. § 227(a)(1). (Id. ¶¶ 22, 23.) Minc asserted that he was not a customer of the named Defendants' services, and he had never

---

[1]A "spoofed number" is a telephone number that, when called, is either inoperable or unable to receive calls.

provided his cell phone number to them for any purpose. (Doc #: 8 ¶ 26.) As such, Minc sought statutory damages for negligent and willful violations of the TCPA, and an injunction against future telemarketing calls. (Id.

¶¶ 38-45.)

On March 21, 2016, CarGuardian moved to dismiss the FAC. (Doc #: 21.) After reviewing the motion to dismiss, the Court held two teleconferences with counsel to determine how to resolve this matter expeditiously. As a result of these discussions, the Court granted Minc's request to dismiss Defendant EFG without prejudice, and to dismiss Advance Capital Solutions with prejudice. (Doc ##: 24-27.) Counsel for CarGuardian stated during the teleconference that the telephone number Minc attributed to CarGuardian was in fact the phone number of its competitor, First National. The Court directed Minc, should he so choose, to file an amended complaint against CarGuardian no later than May 12, 2016. (Minutes of Proceedings of 4/13/2016.)

On April 28, 2016, Minc filed the Second Amended Complaint ("SAC"), another putative class action, naming as defendants only CarGuardian and "John Does 1-5, telemarketing agent(s) of CarGuardian Warranty, LLC." (Doc #: 28.) Minc now alleges that he received "at least four calls from Defendants, dba as 'National Dealer Services' and/or John Doe Marketing Firms 1-5." (Id. ¶ 13.) He alleges that the calls originated from numbers (330) 222-6305 and (657) 262-3433 and were made to his cell phone on 8/11/15, 7/23/15, 7/27/15 and 11/9/15. (Id.) He asserts that the calls received began with a period of dead air silence, followed by a prerecorded voice advising him to hold while he was being transferred. (Id. ¶ 14.) This was followed by another period of dead air silence, after which he was placed on line with an

individual who identified him or herself as a representative of "National Dealer Services" and questioned him about his vehicle and his address, and attempted to sell him an automobile warranty. (Doc #: 28 ¶ 14.) Minc states that, on each call, he advised that he was not interested in the warranty, and that he wanted to be removed from the call list. (Id. ¶ 15.) Minc now states that he is not a customer of "Defendants' services," he has never provided any personal information including his cell phone number to "Defendants" for any purpose, and "Defendants" did not possess his express consent to make the calls. (Id. ¶¶ 20-21.) He seeks statutory damages and injunctive relief for negligent and willful TCPA violations. (Id. ¶¶ 31-38.)

On May 29, 2016, CarGuardian filed the pending Motion to Dismiss seeking dismissal of the SAC. CarGuardian contends that the Court should dismiss the SAC because, while Minc has named CarGuardian as a defendant, Minc does not allege that CarGuardian made any one of the four alleged calls. Rather, he alleges that National Dealer Services, which is not named as a defendant, made all four calls. CarGuardian asserts that there is no connection between itself and National Dealer Services — and because Minc has failed to provide any factual basis for a connection between CarGuardian and National Dealer Services after three attempts to do so, the SAC should be dismissed with prejudice. The Court agrees.

## II. Standard of Review

Defendant moves to dismiss Minc's SAC for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). When evaluating a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d

829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007)). The plaintiff's claim must be plausible on its face such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). "Asking for plausible grounds does not impose a probability requirement at the pleading stage." *Twombly*, 550 U.S. at 555. In fact, a complaint may proceed to discovery even if "it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 557 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Thus, to survive a Rule 12(b)(6) motion, the plaintiff must plead more than bare legal conclusions — his complaint must include "either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

### III. Analysis

The Court finds that Minc has failed to state a claim for which relief can be granted because, after two opportunities to amend his complaint, he has failed to allege any facts that showing that CarGuardian has either directly or vicariously violated the TCPA.

"Courts have found a '[defendant] can be held liable [under the TCPA] even if it did not physically [make the call] at issue' as long as Plaintiff plausibly alleges Defendant ultimately controlled [making the call]." *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129 (W.D. Wash. 2012) (citing *In re Jiffy Lube Int., Inc. Text Spam Litigation*, 847 F.Supp. 2d 1253, 1258–59 (S.D. Cal. 2012)). In *Cunningham v. Kondaur Capital*, the plaintiff filed an action against Kondaur for alleged violations of the TCPA after he received calls from self-identified

"800 Resources Group" and "Park View Law" explaining that they were screening potential home loan candidates for Kondaur— a mortgage company.  No. 3:14-1574, 2014 WL 8335868, at *1 (M.D. Tenn. Nov. 19, 2014).  The court granted Kondaur's motion to dismiss because "there [were] no factual allegations that Defendant Kondaur itself had any interaction with the plaintiff" and "there [were] no factual allegations showing that [800 Resources Group and Park View Law] were in fact acting at the directive of or on behalf of Kondaur." *Id.* at *7, *9.

Similarly, in *Murray v. Choice Energy*, a plaintiff brought TCPA claims against Choice Energy after receiving calls from Premiere, a telemarketing company working on behalf of Choice Energy.  No. 1:15-CV-60, 2015 WL 4204398, at *1 (S.D. Ohio July 10, 2015).  The plaintiff's claims against Choice Energy failed under theories of direct and vicarious liability because plaintiff could not show that Choice had an active role in placing any of the calls, i.e., the plaintiff had no evidence that Choice gave Premiere "specific and comprehensive instructions as to timing and manner of the call[s]." *Id.* at *4.  The plaintiff's vicarious liability claims similarly failed because plaintiff failed to plausibly allege the existence of an agency relationship between Choice and Premiere. *Id.* at *5.

CarGuardian is the only identified defendant in this action, yet Minc does not allege that CarGuardian itself made any calls in violation of the TCPA.  Rather, Minc alleges that "Defendants, dba as National Dealer Services" — an entity that is not a party to this action — and/or "John Does 1–5" — unidentified parties to this action — made the calls.  Minc does not allege any facts suggesting that CarGuardian itself made any of the calls or had any interaction with him; thus, Minc's TCPA claim against CarGuardian for direct liability must be dismissed.

Any alleged vicarious liability claim against CarGuardian must also be dismissed.  Unlike *Kondaur*, Minc does not allege that any callers ever mentioned working on behalf of

CarGuardian.  The SAC indicates that the callers identified themselves only as "National Dealer Services."  Nowhere in the SAC does Minc make a connection between CarGuardian and National Dealer Services such that the Court can hold CarGuardian vicariously liable for National Dealer Services' conduct.[2]  Like *Choice Energy*, Minc has failed to provide any facts suggesting that CarGuardian is responsible for calls made by any of the aforementioned third parties.

It is clear from Minc's complaint and multiple amendment opportunities that he lacks a factual basis to successfully bring an action against CarGuardian.  Minc initially alleged he received at least three calls from "EFG and/or CarGuardian dba National Dealer Services" (FAC ¶ 21), but retreated from that allegation after dropping EFG from the action (SAC ¶ 13).  Minc has since failed to provide the Court with any facts suggesting that CarGuardian was actually the entity responsible either directly or vicariously for those, or any other, calls.  As such, the TCPA claims must be dismissed.

### IV.    Conclusion

For the reasons set forth herein, the Court **GRANTS** Defendants' Motion to Dismiss Minc's Second Amended Complaint for failure to state a claim upon which relief can be granted (**Doc #: 29**), and dismisses the action **with prejudice**.

**IT IS SO ORDERED.**

>  */s/ Dan A. Polster     July 11, 2016*
> **DAN AARON POLSTER**
> **UNITED STATES DISTRICT JUDGE**

---

[2] In fact, Minc never mentions Carguardian after identifying it in the section of the SAC identifying the parties.  (SAC ¶ 7.)